**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-00859-O** |
| | § | |
| **AZLE INDEPENDENT SCHOOL DISTRICT, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## **OPINION & ORDER**

Before the Court are Defendant Rebecca Spurlock's ("Spurlock") Motion to Dismiss (ECF No. 11); Defendant Azle Independent School District's ("AISD") Motion to Dismiss (ECF No. 12); Plaintiff Doe's Responses (ECF Nos. 16–17); and Spurlock and AISD's Replies (ECF Nos. 20–21). Having considered the Motions, briefing, and relevant law, the Court **GRANTS** the Motions to Dismiss without prejudice.

## I. BACKGROUND[1]

In August 2020, AISD hired Defendant Carlos Alberto Font Santiago ("Font Santiago") as a Spanish teacher and an assistant coach for girls' basketball and volleyball at Azle High School ("AHS"). Plaintiff alleges that from about October or November 2021 and continuing through the mid-spring of 2023, Font Santiago and Plaintiff exchanged sexually explicit electronic messages. At the time of the allegations in the Complaint, Plaintiff was a minor student attending AHS. At least three times per week, from October or November 2021 through the end of the school year in May 2022, Plaintiff would meet Font Santiago in his empty classroom during seventh period to

[1] Unless otherwise stated, all alleged facts are taken from Plaintiff's Complaint, ECF No. 1.

engage in sexual activity. Almost every school day, Font Santiago would give Plaintiff a written hall pass to excuse her tardiness for other classes.

Plaintiff alleges that in early 2022, Mitzi Marquardt ("Marquardt"), then-head girls' basketball coach, and Bert Trevino ("Trevino"), fellow assistant coach, met with Font Santiago and cautioned him to keep a safe distance from the female students due to his relatively young age. Font Santiago then met with Spurlock, then-AHS Athletic Director, and attempted to get Marquardt and Trevino fired for accusing him of inappropriate conduct with female students. Plaintiff further alleges that Spurlock subsequently met with Marquardt to discuss the matter.

On one occasion, around this same time, Marquardt cautioned members of the girls' basketball team that there had been reports of team members going into the classrooms of teachers other than their own during the school day, and that they must remain in their assigned classrooms. Plaintiff alleges that Spurlock did not investigate the reports of inappropriate behavior or otherwise instigate any disciplinary action against Font Santiago but instead chose to conceal the coaches' reports.

On April 17, 2025—almost a year after Doe had graduated from AHS—another female student at AHS reported inappropriate messages from Font Santiago. Subsequently, an AHS girls' athletics booster parent informed Plaintiff that the other student had reported Font Santiago that morning and that the AHS administration was aware of the relationship between her and Font Santiago. Plaintiff informed her parents, and they filed a police report with the Azle Police Department against Font Santiago. The Azle Police Department arrested Font Santiago, charging him with Improper Relationship Between Educator and Student. He was subsequently charged with Sexual Assault of a Child.

On August 11, 2025, Plaintiff filed her Complaint in this Court alleging a Title IX violation against AISD, a 42 U.S.C. § 1983 claim against Spurlock and Font Santiago, and assault against Font Santiago. On September 30, 2025, Defendants AISD and Spurlock filed Motions to Dismiss based on Title IX and qualified immunity, respectively.[2] The Motions have been briefed and are now ripe for the Court's review.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

[2] Defs.' Motions to Dismiss, ECF Nos. 11–12.

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

**B. Qualified Immunity**

Qualified immunity "adds a wrinkle to §1983 pleadings . . . ." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). To overcome an official's qualified immunity defense, a plaintiff must establish: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Although this does not mean that "a case directly on point" is required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (internal quotation marks and citation omitted).

"[W]hether a[] [school] official's conduct was objectively reasonable is a question of law" for the Court. *See Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 687 (5th Cir. 2003). "This inquiry turns on the objective reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, 555 U.S. 223, 244 (2009) (internal quotation marks and citation omitted). The Court, viewing all facts and inferences in the light most favorable to the plaintiff, must determine whether a competent and reasonable school official in the defendant's position "could reasonably have thought his actions to be consistent with the rights he is alleged to have violated." *Evett*, 330 F.3d at 688.

**C. Title IX**

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). For a school district to be liable under title IX for teacher-student sexual harassment, an employee with supervisory power over the offending employee must have actually known of the abuse, had the power to end the abuse, and yet failed to do so. *Rosa H. v. San Elizario Eindep. Sch. Dist.*, 106 F.3d 648, 660 (5th Cir. 1997); *see Doe v. Lago Vista Indep. Sch. Dist.*, 106 F.3d 1223, 1226 (5th Cir. 1997).

## III. ANALYSIS

**A. Defendant Spurlock's Motion to Dismiss**

Defendant Spurlock moves to dismiss Plaintiff's complaint arguing, *inter alia*, that the Complaint does not set forth facts indicating that Spurlock learned of the relationship between Font Santiago and Plaintiff or that she otherwise acquired knowledge of any facts of sexual abuse

or of a substantial risk of sexual abuse by Font Santiago.[3] Plaintiff argues that Spurlock knew of, but showed deliberate indifference to, Font Santiago's sexual abuse of Plaintiff, in violation of Plaintiff's constitutional rights.[4] The Court agrees with Spurlock.

To show that Spurlock's conduct was unconstitutional, Plaintiff must allege facts demonstrating that "(1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and (2) the defendant demonstrated deliberate indifference towards the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and (3) such failure caused a constitutional injury to the student." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994).

The first element of the *Taylor* test requires that the official subjectively knew of facts demonstrating a pattern of inappropriate sexual behavior by a subordinate. *Id.* It is not enough that an inference of such behavior could have been made; rather, Plaintiff must allege facts that show that the official actually subjectively made that inference. *See Doe v. Ferguson*, 128 F.4th 727, 735 (5th Cir. 2025); *see also Doe v. Jewell*, 151 F.4th 236, 248–49 (5th Cir. 2025). While it is necessary to demonstrate that the knowledge concerned inappropriate sexual behavior by a specific subordinate, it is unnecessary to prove that that inappropriate behavior by the subordinate was directed towards a specific student. *See Ferguson*, 128 F.4th at 736.

The Fifth Circuit has maintained a high standard for subjective knowledge. In *Doe v. Ferguson*, appropriate persons had access to but did not view surveillance footage which captured the inappropriate behavior which was the subject of the claim. *Id.* at 731. The Court held that Defendant did not have the subjective knowledge required to avoid qualified immunity, as

[3] Spurlock's Mot. Dismiss 12–17, ECF No. 11.
[4] Resp. Spurlock's Mot. Dismiss 8–11, ECF No. 16.

"precedent does not support imputing subjective knowledge based on mere access to information." *Id.* at 735–36. In contrast, the court in *Doe v. Jewell* denied qualified immunity, holding that the school official had subjective knowledge of the inappropriate behavior. 151 F.4th at 248–49. There, the plaintiff alleged that the school principal learned of a teacher's inappropriate behavior because she "was present at a meeting where multiple employees discussed [the offending teacher's] habit of being alone with students and locking the door to his classroom." *Id.* at 246. The principal also knew of pictures another employee had taken of the inappropriate behavior. *Id.* From those alleged facts, the court inferred subjective knowledge "from the fact that *the risk of harm is obvious*." *Id.* at 248–49 (quoting *Hope v. Pelzer*, 536 U.S. 730, 738 (2002)).

Here, Plaintiff's complaint does not allege facts which, by themselves, give rise to the inference that Spurlock subjectively knew of inappropriate behavior. The conversations between Spurlock and Font Santiago and between Spurlock, Marquardt, and Trevino might well have been equivalent to the conversation in *Jewell* which the court found to infer subjective knowledge to the school official. But it is not enough for Plaintiff to allege that these conversations happened or that Spurlock simply learned of Font Santiago's boundary issues. *See Doe v. Northside I.S.D.*, 884 F. Supp. 2d 485 (W.D. Tex. 2012) (the court found "no actual knowledge of abuse despite allegations that teacher had 'boundary' issues, hugged plaintiff, and gave chest bumps."). Plaintiff must also provide allegations demonstrating that Spurlock learned of facts plainly pointing towards inappropriate behavior during the conversation. *Taylor*, 15 F.3d at 445. As the Complaint currently stands, it is impossible for this Court to draw that inference.

Nor does Spurlock knowing about Marquardt's warning to the students constitute the requisite subjective knowledge. At most it implies Marquardt's knowledge of Font Santiago's inappropriate conduct. But none of the facts alleged impute that knowledge to Spurlock, and it

would be improper to impute subjective knowledge of those facts to Spurlock without specific allegations demonstrating what Marquardt told Spurlock. Finally, there is no clarification of or allegation as to what particular aspect of Plaintiff and Font Santiago's "relationship" the administration was aware of. Therefore, this Court cannot reasonably infer from that statement alone that Spurlock or anyone else in the AISD administration was aware of the sexual abuse, as opposed to them merely being aware of Plaintiff and Font Santiago being "close," for example. Accordingly, the Court **GRANTS** Spurlock's Motion to Dismiss. *Ferguson*, 128 F.4th at 736 ("Because Plaintiffs fail to allege sufficient facts to plausibly show Defendants were subjectively aware of the abuse, we do not reach the second (deliberate indifference) or third (constitutional injury) prongs of the three-prong *Taylor* test.").

**B. Defendant AISD's Motion to Dismiss**

To defeat AISD's motion to dismiss, Plaintiff has the burden to prove that Spurlock was an appropriate person, that she had actual knowledge of discrimination, and that she acted with deliberate indifference. *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358–59 (5th Cir. 2020). The requirement for "actual notice" or objective knowledge is similar to § 1983's requirement for subjective knowledge. The school must have known either that harassment was occurring or that there was a "substantial risk that sexual abuse would occur." *M.E. v. Alvin Indep. Sch. Dist.*, 840 F. App'x. 773, 775 (5th Cir. 2020). "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rosa*, 106 F.3d at 658. The Fifth Circuit has maintained this as a difficult standard to meet. In *Alvin*, for example, school administrators being "aware of a close—likely inappropriately close—relationship between" the victim and a school employee did not by itself impute actual notice of abuse to the school administrators. 840 F. App'x. at 776.

Assuming, for the sake of argument, that Spurlock was an appropriate person under Title IX, the Complaint fails to allege facts showing that Spurlock had actual notice that Font Santiago was sexually abusing Plaintiff. For the same reasons that this Court cannot reasonably infer subjective knowledge to overcome qualified immunity, it is equally impossible to reasonably infer actual notice from the facts alleged.

### C. Leave to Amend

If a complaint is "insufficiently descriptive" to support a plaintiff's claim, a court may grant the plaintiff leave to amend, even if the plaintiff has not submitted a motion requesting it. *Jaraba v. Blinken*, 568 F. Supp. 3d 720, 727 (W.D. Tex. 2021). Courts have discretion to "freely give leave" to amend pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Fifth Circuit has held that there is a "strong presumption in favor of granting leave to amend" such that "it tends to be an abuse of discretion to flatly *deny* litigants the ability to amend their complaint, without exercising such discretion." *Ass'n of Am. Physicians*, 103 F.4th 383, 394 (5th Cir. 2024). "Leave to amend is generally proper so long as there is no undue delay, bad faith, prior repeated failures to cure deficiencies, undue prejudice to the opposing party, or futility of amendment." *Jaraba*, 568 F. Supp. 3d at 728.

To overcome a motion to dismiss, Plaintiff must allege facts which, taken on their face, demonstrate that a cause of action exists. Because Plaintiff has not alleged that Spurlock actually had subjective knowledge, Plaintiff's Complaint cannot overcome a motion to dismiss. However, the facts Plaintiff has alleged—specifically, the conversations between Marquardt, Trevino, Font Santiago, and Spurlock and the administration's knowledge of a "relationship" between Plaintiff and Font Santiago—indicate that there could be facts which, if alleged, would demonstrate that Spurlock had subjective knowledge. Therefore, amendment is not necessarily futile, and this Court

**GRANTS** Plaintiff leave to amend her Complaint. Because the knowledge element is dispositive, it is unnecessary to consider the other elements.

## IV. CONCLUSION

For the foregoing reasons the Court **GRANTS** Defendant Spurlock's Motion to Dismiss (ECF No. 11) and Defendant AISD's Motion to Dismiss (ECF No. 12) **without prejudice.** The Court **GRANTS** Plaintiff leave to amend. Plaintiff should file any amended complaint within 21 days of the date of this order. Should Plaintiff fail to file any amended complaint within that time, the case shall be dismissed with prejudice.

**SO ORDERED** on this **11th** day of **August 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE